IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LAUGHLIN and<br>NICOLE LAUGHLIN,<br><br>  Plaintiffs,<br><br>v.<br><br>BORDWOK ENTERPRISES, LLC,<br>A Georgia limited liability company, and<br>DANIEL LUCAS,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 08-C-1217<br><br>Judge Der-Yeghiayan \<br><br>Magistrate Judge Cox |

**DEFENDANTS' MOTION TO DISMISS
COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Bordwok Enterprises, LLC ("Bordwok") and Daniel Lucas ("Mr. Lucas") ("collectively referred to as "Defendants") through their attorney, Martin B. Carroll of Fox, Hefter, Swibel, Levin & Carroll, move the Court to dismiss Count I of the First Amended Complaint, with prejudice.

Plaintiff Michael Laughlin ("Mr. Laughlin") was a member of Bordwok, served as an officer of a Bordwok subsidiary, and has worked for Bordwok. Mr. Laughlin claims that his boss defamed him while discussing his job performance. As shown below, Mr. Laughlin's defamation claim suffers from multiple fatal deficiencies.

**I.     THE ALLEGATIONS IN THE COMPLAINT**

Bordwok is a Georgia Limited Liability Company with its principal place of business in Georgia. (First Amended Complaint, ¶ 2). Defendant Daniel Lucas ("Mr. Lucas") is the President and General Manager of Bordwok. (First Amended Complaint, ¶ 3). Mr. Laughlin

was a member of Bordwok, has served as an officer of a Bordwok subsidiary, and has worked for Bordwok. (First Amended Complaint, ¶¶ 7, 13).

Mr. Laughlin seeks to recover damages from Bordwok and Mr. Lucas based upon allegations that Mr. Lucas made critical remarks concerning Mr. Laughlin's job performance. The following is a verbatim list of the alleged defamatory statements from the original Complaint filed in this action:

> On December 10, 2007, on a conference call with Rob Gavin, Chris Mitchell, Mike Laughlin, Jason Blair, Lucas falsely represented that Michael was "unorganized, irresponsible, and incompetent," that the company could not move on to fund other projects because $1 million of Bordwok's money was tied up in Chicago due to Michael's poor performance, and he told the others that "we can't account for every penny Mike has spent."
>
> On February 20, 2008, Lucas sent an e-mail message to Chris Mitchell, Rob Gavin, Luke Wilkins, and Jerry Lucas wherein he implied that Michael had mishandled the company's finances.
>
> On February 7, 2008, Lucas made a telephone call to Jason Blair and Luke Wilkins wherein he falsely claimed that Michael was jeopardizing the company's future by failing to turn over the Damen building.
>
> On repeated occasions, Lucas called Chris Mitchell and falsely told him, among other things, that Michael is incompetent, doing a bad job, is holding up further Bordwok ventures, and is responsible for Bordwok being unable to launch the planned Bordwok Mortgage venture.

(Original Complaint, ¶ 28).

Defendants moved to dismiss the defamation claim in the Original Complaint. One of the grounds for dismissal was the fact that Mr. Laughlin had failed to set forth the precise statements that were alleged to be defamatory. Mr. Laughlin subsequently filed a First Amended Complaint in which he asserted the same claim for defamation. In the First Amended Complaint, Mr. Laughlin makes the exact same allegations with respect to the alleged defamatory statements that he had made in the Original Complaint, except that he removed the

2

quotation marks that had enclosed two of the alleged defamatory statements in the Original Complaint. (First Amended Complaint, ¶ 59).

## II. ARGUMENT AND CITATION OF AUTHORITY

A claim that is not supported by factual allegations sufficient to plausibly suggest a right to relief should be dismissed. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A formulaic recitation of the elements does not suffice; a plaintiff must provide sufficient factual allegations to raise a right to relief on each claim above a speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A claim that is not described in sufficient detail to give a defendant fair notice of the claim and the grounds upon which it rests should also be dismissed. *Concentra Health Servs., Inc.*, 496 F.3d at 776.

### A. Mr. Laughlin Failed To State A Claim For Defamation.

#### 1. The Alleged Defamatory Statements Are Non-Factual And Protected By The First Amendment.

To prove a claim of defamation, a plaintiff must show that the defendant made a false statement concerning the plaintiff, there that was an unprivileged publication of the defamatory statement to a third party by the defendant, and that the plaintiff suffered damage as a result of the publication of the defamatory statement. *Skolnick v. Correctional Medical Servs., Inc.*, 132 F. Supp. 2d 1116, 1123 (N.D. Ill. 2001).

Defamatory statements may be actionable per se or actionable per quod. *Id.* In this case, Mr. Laughlin is proceeding solely on a theory of defamation per se.

Illinois law recognizes four categories of defamation per se: 1) words that impute the commission of a criminal offense; 2) words that impute infection with a loathsome communicable disease; 3) words that impute an inability to perform or want of integrity in the

3

discharge of duties of office or employment; or 4) words that prejudice a party or impute a lack of ability, in his or her trade. *Id.*

However, statements that may be defamatory per se are nonetheless non-actionable as a matter of law if they are an expression of a subjective view, rather than a claim by the speaker of objectively verifiable facts. *Drury v. Sanofi-Synthelabo, Inc.*, 292 F. Supp. 2d 1068, 1070 (N.D. Ill. 2003). *See also Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1227 (7th Cir. 1993) (expression of subjective viewpoints non-actionable); *Quilici v. Second Amendment Foundation*, 69 F.2d 414, 418 (7th Cir. 1985) ("expression of opinion can never be so false as to constitute a false statement of fact").[1]

Courts consider several factors in determining whether a statement is actionable: 1) whether the statement has a precise and readily understood meaning; 2) whether the statement is objectively verifiable as true or false; and 3) whether the statement's literary or social context signals that it has factual content. *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 840 (Ill. 2006). In applying this test, courts have consistently ruled that statements that are identical or highly similar to the statements at issue in this case are non-actionable opinions. For example, in *Doherty v. Kahn*, 682 N.E.2d 163 (Ill. Ct. App. 1997), the court found that statements made by the plaintiff's former employer to clients to be non-actionable. The

statements at issue included assertions that plaintiff was "incompetent," "lazy," dishonest," and "could not do his job ...." 682 N.E.2d at 168.

In another illustrative case, *Hopewell v. Vitullo*, 701 N.E.2d 99 (Ill. Ct. App. 1998), the plaintiff brought a defamation claim against a law firm and one of its partners based upon an allegation that the partner had stated that the plaintiff had been "fired for incompetence." The court concluded that the statement was not actionable. 701 N.E.2d at 104. *See also Sullivan v. Conway*, 157 F.3d 1092, 1097 (7th Cir. 1998) (statement that attorney was "a very poor lawyer" is non-actionable subjective opinion).

The determination of whether alleged defamatory statements are actionable is a legal one that may be resolved on a motion to dismiss. *See, e.g., Drury*, 292 F. Supp. 2d at 1071 (granting motion to dismiss defamation claims on ground statements were non-actionable opinion).

In this case, the alleged defamatory statements are non-actionable subjective opinions as opposed to objective facts. The statements are identical or similar to statements that have been found to be non-actionable. Further, as demonstrated below, an application of the relevant factors confirms that the statements are non-actionable.

First, the statements do not have a precise meaning. In *Hopewell*, the court concluded that the term "incompetent," although easily understood, lacked a precise meaning because of its

---

[1] In a recent decision, the Illinois Supreme Court noted that it had never expressly determined whether the privilege that the First Amendment affords to non-factual statements extends to statements made by one private party about another on a matter of purely private concern. *Imperial Apparel, Ltd. v. Cosmos's Designer Direct, Inc.*, No. 103331, 2008 WL 351675, at *9 (Ill. Feb. 7, 2008). Although the issue was not before the court in *Imperial Apparel*, the Illinois Supreme Court gave every indication that it would hold that the privilege was applicable to private statements when the issue was properly before it. *Id.* The court found that recognition of the privilege served the goals of consistency, certainty, and equal treatment under the laws. *Id.* Both this Court and the Illinois Court of Appeals have consistently applied the privilege in all contexts, including to non-factual statements made by one private party about another on a

broad scope. 701 N.E.2d at 104. In this case, all of the alleged statements are similarly broad and general in nature.

Second, the statements are not objectively verifiable as true or false. How could you objectively verify whether Mr. Laughlin is unorganized? How could you objectively verify whether Mr. Laughlin was jeopardizing the company's future? These are purely subjective characterizations that are incapable of factual verification. As in *Hopewell*, any attempt to prove or disprove any of the alleged defamatory statements in this case "would entail an endless analysis of each and every fact connected with [plaintiff's job performance]." 701 N.E.2d at 104. *See also Sullivan*, 157 F.3d at 1097 (noting that it would be unmanageable to ask a court to determine whether an attorney was a "poor lawyer"). This is a key factor as the inability to objectively verify the alleged defamatory statements demonstrates that the statements lack an underlying factual basis. 701 N.E.2d at 105.

Finally, the statements' context demonstrates that they are subjective opinions. The alleged statements in this case were made by the President and General Manager of Bordwok with respect to Mr. Laughlin's performance of job-related responsibilities for Bordwok. By Mr. Laughlin's own allegations, the statements were made to a small group of people. Courts have consistently found such statements regarding job performance to be non-actionable. *See Quinn v. Jewel Food Stores, Inc.*, 658 N.E.2d 1225, 1231 (Ill. Ct. App. 1995). *See also Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1123 (W.D.N.Y. 1996) ("statements regarding an employee's work performance made within the context of an employment context have generally been characterized as nonactionable expressions of opinion"). This is not surprising. An evaluation of how a particular person does his or her job is a classic exercise in

---

matter of private concern. *Drury v. Sanofi-Synthelabo Inc.*, 292 F. Supp. 2d 1068 (N.D. Ill.

6

subjectivity. Further, a supervisor may have a duty to render an opinion of an employee's skills and abilities. In *Naeemullah v. Citicorp Servs., Inc.*, 78 F. Supp. 2d 783, 793 (N.D. Ill. 1999), this Court found that statements by an employee's supervisor that the employee had interpersonal skill problems and had run-of-the-mill professional abilities to be non-actionable opinion. The Court noted that the supervisor had the right and duty to express his honest opinions of the plaintiff's professional abilities and skills. 78 F. Supp. 2d at 793. In this case, all of the alleged defamatory statements relate directly to Mr. Laughlin's job performance for Bordwok, were made by a person with a duty to evaluate his job performance, and were allegedly made to a small group of people. Thus, the context of the statements demonstrates that the statements were subjective evaluations of a person's job performance.

Accordingly, the application of the three factors to Mr. Laughlin's allegations in this case demonstrates that the alleged defamatory statements are purely subjective expressions of opinion that are non-actionable. Accordingly, Count I t should be dismissed.

### 2.     Mr. Laughlin Failed To Allege The Actual Defamatory Statements.

Federal notice pleading standards require that a plaintiff set forth the precise statements that are alleged to be defamatory. *Levitt v. S.C. Food Serv., Inc.*, 820 F. Supp. 366, 367-68 (N.D. Ill. 1993). This especially true when a plaintiff alleges defamation per se, as opposed to defamation per quod. *Id.*

In the Original Complaint and the First Amended Complaint, Mr. Laughlin set forth four instances in which Mr. Lucas allegedly made defamatory comments. With respect to the first instance, in the Original Complaint, Mr. Laughlin put the alleged defamatory statements in quotation marks. (Complaint, ¶ 28). However, Mr. Laughlin did not put any of the other alleged

---

2003); *Quinn v. Jewel Food Stores, Inc.*, 658 N.E.2d 1225 (Ill. Ct. App. 1995).

7

statements within quotation marks. In their motion to dismiss the Original Complaint, Defendants pointed out that this suggested that the only alleged statements that were set forth verbatim in the Original Complaint were those set forth in quotes. In the First Amended Complaint, Mr. Laughlin sets forth the same exact alleged defamatory statements. However, he removed the quotation marks so that there are no alleged direct quotes in the First Amended Complaint. (First Amended Complaint, ¶ 59). This confirms that none of the alleged defamatory statements have been precisely set forth; the allegations are merely descriptive of the alleged statements. Accordingly, the defamation claim should be dismissed.

Further, there is no doubt that the statements alleged to have been made in a February 20, 2008 electronic mail message are not precisely set forth as required. Mr. Laughlin alleges that Mr. Lucas "implied" that Mr. Laughlin had mishandled company finances in this email. (First Amended Complaint, ¶ 59). Even after Defendants pointed this out in their first motion to dismiss, Mr. Laughlin did not attach the actual email or set forth the exact language contained in the actual email in the First Amended Complaint. He merely repeated the allegation from the Original Complaint that an implication was made in the email. This is not sufficient. 820 F. Supp. at 368 (inferences as to the content of alleged defamatory statements are not sufficient). The defamation claim should be dismissed with respect this alleged statement.

### 3. Alleged Statements Capable Of An Innocent Construction Are Not Actionable.

If a statement taken in context is reasonably capable of a non-defamatory interpretation, the court should so construe it. *Skolnick*, 132 F. Supp. 2d at 1123. This higher standard is necessary because of the presumption of damages in per se actions. *Id.* at 1123-24. Illinois courts apply this doctrine to statements made regarding a person's job performance. *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1302-03 (Ill. 1996). Statements asserting that a person did not

meet job expectations, exhibited a lack of achievement, had problems getting along with others, was uncooperative, refused to complete a task, and did not have the qualifications needed to achieve the objectives of the profession have all been found to be subject of an innocent construction. *Id.* (collecting cases).

Whether a statement is capable of an innocent construction is a question of law for the court. *Quinn v. Jewel Food Stores, Inc.*, 658 N.E.2d 1225, 1232 (Ill. Ct. App. 1995). In this case, the alleged statement that "we can't account for every penny Mike has spent" is reasonably subject to an innocent construction. (First Amended Complaint, ¶ 59). There could be many possible reasons why Bordwok could not account for every penny that Mr. Laughlin has spent that would not imply defamatory characterizations. The statement could be reasonably interpreted as an expression by Bordwok's President and CEO that the company needs to do a better job at reconciling spending. And surely a company's CEO is entitled to speak about the need to reconcile spending without incurring personal liability for defamation. Accordingly, the defamation claim should be dismissed with respect to this alleged statement.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to dismiss Count I of the First Amended Complaint. Because Mr. Laughlin has already had the opportunity to correct the deficiencies of his defamation claim, but failed to so do, the claim should be dismissed with prejudice.

This 9th day of May, 2008.

BORDWOK ENTERPRISSES, LLC AND
DANIEL LUCAS

By:   /s/ Martin B. Carroll
      One of Their Attorneys

9

Martin B. Carroll
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1230
Facsimile: 312-224-1201
Email: mcarroll@fhslc.com

William V. Hearnburg, Jr.
**SMITH, GAMBRELL & RUSSELL, LLP**
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 815-3679