# EXHIBIT 3

LEXSEE 1995 US DIST LEXIS 8924

RANDALL J. BETTEN and LISABETH R. BETTEN, on behalf of themselves and all other persons and others similarly situated, and NORTH CENTRAL TRANSPORTATION CORPORATION, a/k/a North Central Truck, Plaintiffs, v. CITIBANK, F.S.B., a federal savings association, CITIBANK MORTGAGE, INC., a Delaware corporation, and CITIBANK, N.A., a national banking association, Defendants.

No. 94 C 5460

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1995 U.S. Dist. LEXIS 8924

June 27, 1995, Decided
June 28, 1995, DOCKETED

**COUNSEL:** [*1] For RANDALL J BETTEN, LISABETH R BETTEN, on behalf of themselves and all other persons and others similarly situated, plaintiffs: Charles M. Thomson, Malk & Harris, Chicago, IL.

For CITIBANK, F.S.B., a federal savings association, defendant: Thomas P. Riordan, Brian W. Norkett, Riordan, Larson, Bruckert & Moore, Chicago, IL.

**JUDGES:** William T. Hart, UNITED STATES DISTRICT JUDGE

**OPINION BY:** William T. Hart

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plaintiffs Randall Betten, Lisabeth Betten, and North Central Transportation Corporation a/k/a North Central Truck ("North Central") brought this action against defendants Citibank, F.S.B. ("Citibank Savings"), Citicorp Mortgage, Inc. ("Citicorp"), and Citibank, N.A. ("Citibank N.A.").[1] Citibank Savings moves to dismiss the four counts against it contained in the Amended Complaint.

     1   This action was filed in September 1994 and defendants Citicorp and Citibank, N.A. have yet to be served. Those defendants will be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m). Since Counts IV and V are only against these defendants, those two counts will also be dismissed without prejudice. Additionally, the amended complaint is titled as a class action, but there are no class allegations and no motion to certify a class has ever been filed. The references to others similarly situated will be stricken.

[*2] The Bettens are owners of North Central. It is also alleged that Randall Betten was employed by North Central and was paid by check. The Bettens deposited Randall Betten's paychecks into a joint checking account they maintained at Citibank Savings. It is further alleged that Citibank Savings failed to make the funds from those checks available within the time permitted by the Federal Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq.* As a result of the funds not being made available, some of the checks the Bettens wrote were not honored, including checks they used to make mortgage payments to Citicorp Mortgage. It is also alleged that the failure to have a number of their checks honored resulted in the Bettens being reported as having a bad credit rating, their being unable to refinance their mortgage, and their being unable to obtain a home equity loan to finance their business activities. The counts against Citibank Savings are labeled as follows. Count I is a claim by the Bettens under the Funds Availability Act. Count II is labeled as a libel claim by the Bettens. Count III is a claim by the Bettens labeled as being pursuant to the Illinois Consumer Fraud and Deceptive [*3] Business Practices Act, 815 ILCS 505. Count VI is a claim by North Central in which it is alleged that North Central was unable to refinance its own obligations because the Bettens were unable to obtain funds through refinancing of their mortgage or by obtaining a home equity loan.

Case 1:08-cv-01217   Document 19-4   Filed 05/23/2008   Page 3 of 4

Page 2
1995 U.S. Dist. LEXIS 8924, *

There is no requirement that the legal theory supporting a claim be correctly identified as long as the facts alleged would support a claim. *Teumer v. General Motors Corp.,* 34 F.3d 542, 545 (7th Cir. 1994); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir. 1992). When responding to a motion to dismiss, however, the nonmoving party must proffer the legal basis supporting his or her claims. *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995).

Defendant contends that Count I fails because plaintiff has not alleged all the elements of an Availability Act claim or, alternatively, a portion of the claim must be dismissed because not alleged to be within the applicable statute of limitations. Plaintiffs allege all the deposited checks are from North Central, written on an account at a local bank, and that they were deposited into the Bettens' checking account. Plaintiffs [*4] list 33 checks, a date for each, [2] and the amount of each check. It is generally alleged that at least $ 5,000 of funds had to be made available within 10 days and that for some checks funds had to be made available within two days. The checks to which the shorter time limit applies are not specifically identified, but presumably are the checks that are in amounts below $ 5,000. Defendant contends the allegations are insufficient because the date of deposit is not specified, the manner of making the deposit is not specified, the type of endorsement is not specified, the date funds were made available is not specified, and the date funds should have been made available is not specified. Defendant contends these facts are essential elements of an Availability Act claim because the type of check, manner of deposit, and type of endorsement, and day of week of the deposit all affect the date the funds must be made available.

> 2   It is not specified whether the date is the date of deposit, the date of the check, or some other date.

[*5] "A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents." *Bartholet,* 953 F.2d at 1078. "While the lack of intimation of *any facts* underlying the claim will justify dismissal, we must construe pleadings liberally, and mere vagueness or lack of detail is an inadequate basis for granting a motion to dismiss." *McMath v. City of Gary,* 976 F.2d 1026, 1031 (7th Cir. 1992). For example, when making a claim for money lent, paid by mistake, or had and received, the origin of the debt sued upon need not be alleged and a statement of the approximate time of its creation is sufficient, but even that is no essential. C.A. Wright & A. Miller, *Federal Practice & Procedure* § 1247 (2d ed. 1990). In the present case, plaintiff has identified the checks involved and claims that funds were not made available within two or ten days. That sufficiently sets forth a claim under the Availability Act.

Defendant argues that, for statutory claims, a plaintiff must affirmatively plead facts that bring his or her claim within the statute of limitations. The Seventh Circuit, however, has rejected that pleading requirement. *Tregenza v. Great American* [*6] *Communications Co.,* 12 F.3d 717, 719 (7th Cir. 1993), cert. denied, 114 S. Ct. 1837, 128 L. Ed. 2d 465 (1994); *Simmons v. Chicago Public Library,* 860 F. Supp. 490, 492-93 (N.D. Ill. 1994). Parties, however, may plead themselves out of court by pleading facts showing that their claims are untimely. *Tregenza,* 12 F.3d at 718; *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir. 1992).

The Availability Act provides that the action must be brought "within one year after the date of the occurrence of the violation involved." 12 U.S.C. § 4010(d). A violation of the Availability Act is the failure to permit funds to be withdrawn. *See* 12 U.S.C. §§ 4002(a), (b), (d), (e). The Act provides relief for actual damages resulting from a violation. 12 U.S.C. § 4010(a)(1). Any such damages, however, are not the violation itself. Plaintiffs do not dispute that the dates listed in the complaint are the approximate dates of funds not being made available. Further, plaintiffs do not allege that they continually sought to withdraw funds; they only allege that continuous injury resulted from checks having been previously dishonored and their credit rating having been harmed. [*7] In response to defendant's motion to dismiss, plaintiffs' only contention is that there was a continuing violation. This contention is unsupported. It is not this court's or defendant's obligation to do plaintiffs' research for them or create arguments for them. *United States v. Smith,* 26 F.3d 739, 743 (7th Cir.), cert. denied, 115 S. Ct. 680, 130 L. Ed. 2d 612 (1994); *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir. 1990), cert. denied, 113 S. Ct. 493, 121 L. Ed. 2d 431 (1992); *Gold v. Wolpert,* 876 F.2d 1327, 1333 (7th Cir. 1989). In any event, there does not appear to be any basis for finding a continuing violation that preserves claims based on pre-September 6, 1993 conduct. Count I will be dismissed to the extent it is based on requests for funds that were made prior to September 6, 1993. [3]

> 3   Only 8 of the 33 checks listed in the complaint refer to dates earlier than September 6, 1993. To the extent request for the funds were made September 6, 1993 or later, the claims related to such checks are not dismissed even if the check was drawn prior to September 6.

[*8] Count II is a claim for libel based on Citibank Savings making reports to credit rating agencies that the Bettens had overdrawn their checking account and that Citibank Savings would no longer permit the Bettens to

Case 1:08-cv-01217   Document 19-4   Filed 05/23/2008   Page 4 of 4

Page 3
1995 U.S. Dist. LEXIS 8924, *

maintain a checking account at Citibank Savings. Plaintiffs allege that it was false to report that the Bettens had drawn checks that could not be honored because of insufficient funds. Defendant argues this claim is subject to dismissal because the specific defamatory words must be alleged and plaintiff fails to identify the specific speakers, the credit agencies contacted, or the dates the statements were made. Plaintiffs contend that information is not within their control and requiring more detailed pleading is inconsistent with Rule 8. Plaintiffs fail to cite any authority in support of their contention.

Although not necessarily consistent with the language of Rule 8, courts generally have continued to require that libel be pleaded with some specificity. *Phantom Touring, Inc. v. Affiliated Publications,* 953 F.2d 724, 728 n.6 (1st Cir.), *cert. denied,* 504 U.S. 974, 112 S. Ct. 2942, 119 L. Ed. 2d 567 (1992); *Bobal v. Rensselaer Polytechnic Institute,* 916 [*9] F.2d 759, 763 (2d Cir. 1990), *cert. denied,* 499 U.S. 943, 111 S. Ct. 1404, 113 L. Ed. 2d 459 (1991); *Levitt v. S.C. Food Service, Inc.,* 820 F. Supp. 366, 367-68 (N.D. Ill. 1993); *Vantassell-Matin v. Nelson,* 741 F. Supp. 698, 707 (N.D. Ill. 1990); *Seaphus v. Lilly,* 691 F. Supp. 127, 134 (N.D. Ill. 1988); Wright & Miller, § 1245. However, it has also been held the purpose of that requirement is to allow the defendant to respond appropriately, which includes being able to determine whether the language is defamatory. *See Pelech v. Klaff-Joss, LP,* 828 F. Supp. 525, 534 (N.D. Ill. 1993); *Levitt,* 820 F. Supp. at 368; *Seaphus,* 691 F. Supp. at 134. Here, the substance of the defamatory statements has been sufficiently identified: (1) the Bettens overdrew their checking account; (2) the Bettens would no longer be accepted as Citibank Savings customers; and (3) checks were not honored because of insufficient funds. The alleged defamatory statements are sufficiently identified for defendant to determine whether they are false, whether they constitute defamation, and whether the statements were privileged. *Cf. Pelech, supra.* Plaintiffs could have been more specific [*10] about what institutions rejected their loan applications and could also have found out from those institutions the credit reporting agencies relied upon, but, even absent that information, defendants have sufficient information to respond to Count II. Count II will not be dismissed.

Defendant argues the Count III Consumer Fraud claim fails because plaintiffs have not pleaded fraud with particularity as required by Rule 9(b), fraud cannot be based on opinion statements, and a causal relationship between any fraud and damages is not alleged. Plaintiffs contend further detail is not necessary because the facts are in defendant's possession. They also contend that misrepresentations of fact, not opinion, are alleged and that a causal relationship is adequately alleged. Plaintiffs' argument is without merit. Plaintiffs allege misrepresentations were made to the Bettens, so the content of the communication is within their knowledge. Even if records of those communications would also be available to defendant, Rule 9(b) requires that plaintiffs allege the misrepresentations with specificity. Since plaintiffs have not so pleaded, Count III will be dismissed.

Defendant argues that Count VI [*11] fails because no cause of action is identified in the complaint. Alternatively, it argues that no contract or tort claim is adequately alleged. Plaintiff North Central responds by asserting that the complaint need not name a cause of action. As previously stated, the cause of action need not be named in the complaint, but it must be identified and argued in response to a motion to dismiss. *Bartholet,* 953 F.2d at 1078; *Stransky,* 51 F.3d at 1335. In response, plaintiff fails to identify a cause of action or make any argument. Count VI will be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [20-1] is granted in part and denied in part. Defendants Citicorp Mortgage, Inc. and Citibank, N.A. are dismissed without prejudice because not served with process. Counts III, IV, V, and VI of the amended complaint are dismissed and plaintiff North Central Transportation Corporation is dismissed. The class action references on behalf of other similarly situated persons are stricken from the amended complaint. Count I is dismissed to the extent it includes claims based on requests for funds that were made prior to September 6, 1993. Defendant shall answer the remaining [*12] allegations of the amended complaint by July 12, 1995. Status hearing set for August 10, 1995 at 9:15 a.m.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

Dated: JUNE 27, 1995