IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LAUGHLIN and<br>NICOLE LAUGHLIN,<br><br>    Plaintiffs,<br><br>v.<br><br>BORDWOK ENTERPRISES, LLC,<br>A Georgia limited liability company, and<br>DANIEL LUCAS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 08-C-1217<br>) Judge Der-Yeghiayan<br>) Magistrate Judge Cox<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
COUNT I OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiff Michael Laughlin claims that his boss defamed him by making negative comments about Mr. Laughlin's job performance. If the allegedly defamatory statements in this case are found to be actionable, no company president will be able to discuss employee job performance with other corporate personnel without risking liability for defamation.

In their motion to dismiss, Defendants demonstrated that Mr. Laughlin's defamation claim is subject to dismissal because comments regarding a person's competence are classic examples of subjective opinions that are not actionable as defamation as a matter of law.

In their response, Plaintiffs make baseless accusations that Defendants misstated the law; manufacture a new alleged defamatory statement that is not in the First Amended Complaint; and cite cases that involve defamatory statements that are wildly different from the statements at issue in this case. Plaintiffs' primary legal argument is that the alleged statements in this case are factual in nature because they can be allegedly verified by a review of Bordwok's financial records. That is not the case. A review of a company's financial records cannot provide an objective verification of whether a person is "unorganized, irresponsible, and incompetent." *Hopewell v. Vitullo*, 701 N.E.2d

99 (Ill. Ct. App. 1998) (concluding that a statement that the plaintiff had been "fired for incompetence" was non-actionable because one person's idea of incompetence will vary from the next person's). Likewise, a review of a company's financial records cannot provide objective verification of whether a person's incompetence damaged a company's financial well-being. *Rose v. Hollinger*, No. 1-06-2885, 2008 WL 2121722, at pp. 7-8 (Ill. Ct. App. May 19, 2008) (noting that a review of business records cannot provide objective verification of the assertion that a company's former president wrought damage to the company's finances).[1] Accordingly, Defendants ask the Court to dismiss Plaintiffs' defamation claim with prejudice.

## ARGUMENT AND CITATION OF AUTHORITY

**A.      Plaintiffs' Accusations That Defendants Misstated The Law Are Baseless.**

Plaintiffs argue that Defendants misstated the law with respect to Plaintiffs' defamation claim. (Plaintiff's Response, p. 5). Plaintiffs portray Defendants' argument as being an assertion that any expression of opinion is non-actionable. (Plaintiff's Response, p. 5). Plaintiffs have misrepresented Defendants' argument. Defendants correctly presented the rule that statements that may be defamatory per se are nonetheless non-actionable if the statements are an expression of a subjective view, rather than a claim by the speaker of objectively verifiable facts. (Defendants' Motion to Dismiss Count I of the Amended Complaint, p. 4). Defendants never claimed that every statement couched in the form of an opinion is per se non-actionable because it is couched as an opinion, as represented by Plaintiffs. Instead, Defendants correctly set forth and applied the factors that Illinois courts use to determine whether an alleged defamatory statement is actionable: 1) whether the statement has a precise and readily understood meaning; 2) whether the statement is objectively verifiable as true or false; and 3) whether the statement's literary or social content signals that it has factual content. (Defendants' Motion to Dismiss Count I of the Amended

---

[1] A copy of this case is attached as Exhibit 1.

Complaint, p. 4). *See Rose,* 2008 WL 2121722, at pp. 3-4. Plaintiffs' accusation that Defendants misstated the law is baseless.[2]

B.   **The Alleged Defamatory Statements Are Non-Actionable Subjective Opinions.**

In their motion to dismiss, Defendants demonstrated that the alleged defamatory statements are broad, subjective opinions with no factual basis that is objectively verifiable. Plaintiffs' primary argument in its response is that the alleged defamatory statements are objectively verifiable. An examination of each of the alleged defamatory statements in the Amended Complaint shows that this is not the case.

**Allegation No. 1**

> On December 10, 2007, on a conference call with Rob Gavin, Chris Mitchell, Mike Laughlin, Jason Blair, Lucas falsely represented that Michael was unorganized, irresponsible, and incompetent, that the company could not move on to fund other projects because $1 million of Bordwok's money was tied up in Chicago due to Michael's poor performance, and he told the others that we can't account for every penny Mike has spent.

Plaintiffs argue in their response that this allegation contains two statements that are factual and objectively verifiable—1) that $1 million dollars of Bordwok's money was tied up in Chicago because of Plaintiff Michael Laughlin's allegedly bad performance; and 2) that Mr. Laughlin misappropriated (or at best misplaced) Bordwok funds. (Plaintiffs' Response Brief, p. 6). Plaintiffs claim that these statements can be objectively verified solely by a review of Bordwok's financial statements. (Plaintiffs' Response Brief, p. 6). That is not true. A review of Bordwok's financial statements will show Bordwok's financial status. But Bordwok's financial status is not the subject of the alleged defamatory statements. A review of Bordwok's financial records could not verify

---

[2] Baseless accusations of misstating the law appear to be Plaintiffs' favorite rhetorical device. Plaintiffs even accuse Defendants of misstating the standard for granting a motion to dismiss, despite the fact that Defendants simply and properly cited a recent Seventh Circuit case and a Supreme Court case for the correct standard for granting a motion to dismiss. (Defendants' Motion to Dismiss Count I of the Amended Complaint, p. 3).

3

whether Mr. Laughlin has performed "poorly." Such a review cannot show whether Mr. Laughlin is "unorganized, irresponsible, and incompetent." These are classic subjective evaluations that are incapable of objective verification. *Rose*, 2008 WL 2121722 (statements that former company president had a bizarre management style and wrought damage to the company's finances found to be non-actionable); *Hopewell*, 701 N.E.2d at 104-05 (statement that the plaintiff had been "fired for incompetence" found to be non-actionable); *Sullivan v. Conway*, 157 F.3d 1092, 1097 (7th Cir. 1998) (statement that attorney was "a very poor lawyer" found to be non-actionable subjective opinion).

That the alleged statements in this case are not actionable is demonstrated by a recent decision of the Illinois Appellate Court. In *Rose*, a company officer made the following assertions about the company's former CEO in an email:

> It will be some time before we can undo the damage he has wrought:
> To our finances, to our reputation, to our business relationships, to our morale, to the quality of our editorial product.

2008 WL 2121722, at p. 2.

The court in *Rose* concluded that the accusation that the plaintiff had wrought "damage to our finances," a statement that is nearly identical to the Plaintiff's allegation in this case, was not an actionable factual assertion. In *Rose*, the court noted the following with respect to the statement that the company's former president had damaged its finances:

> Given the broad and shapeless form of [plaintiff's] accusation, we do not see how a reasonable person would go about proving or disproving the assertion. Where would such a person begin?
> No specific location of injury is provided. Nor is one inferred in some undisclosed defamatory manner. One cannot tell whether it is a matter of profit and loss. Or assets and liabilities. Or net worth. And so on. As in *Hopewell*, an attempt to prove or disprove the statement would entail an "endless analysis of each and every fact connected with" the plaintiff's duties. [cite omitted].
>
> That an analysis of company records would be difficult is not dispositive. It is the fruitlessness of the investigation, given the sparse

4

> information provided, that leads to our conclusion that the statement
> is too broad, conclusory, and vague to be objectively verifiable.

*Rose*, 2008 WL 2121722, at p. 7.

And in *Hopewell*, the court noted that the accusation that a person was "incompetent" was a non-actionable subjective evaluation and observed that "one person's idea of when one reaches the threshold of incompetence will vary from the next person's." *Hopewell*, 701 N.E.2d at 104.

The allegations in this case are almost identical to the allegations in *Hopewell* and *Rose* that were found to be non-actionable. In their response, Plaintiffs rely heavily upon *Bryson v. News America Publications, Inc.*, 672 N.E.2d 1207 (Ill. 1996). In that case, the court concluded that the assertion that the plaintiff was a "slut" was an actionable factual assertion. As the court in *Rose* observed, this assertion conveys that the plaintiff is sexually promiscuous, a proposition that is sufficiently factual to be susceptible of being proven true or false. 2008 WL 2121722, at p. 6. On the other hand, assertions that a person is "incompetent" and caused "damage" to a company's "finances" are not sufficiently factual to be susceptible of being proven true or false. The alleged statements in this case are much closer to the statements in *Rose* and *Hopewell* than the alleged statement in *Bryson*. Accordingly, the defamation claim should be dismissed.

1. **Plaintiffs Manufacture A New "Allegation" That Is Not In Their First Amended Complaint.**

In their response, Plaintiffs claim that Mr. Lucas stated that Mr. Laughlin "had misappropriated (or at best misplaced) Bordwok funds." (Plaintiffs' Response, p. 6). However, Plaintiffs made no such allegation in their Amended Complaint. Plaintiffs never alleged that Mr. Lucas stated that Mr. Laughlin misappropriated or misplaced funds. Plaintiffs have apparently offered an interpretative restatement of their own original allegation in order to avoid dismissal of their claim. Plaintiffs' actual allegation was that Mr. Lucas stated that the company could not account for every penny of Bordwok's money that Mr. Laughlin has spent. (First Amended

5

Complaint, ¶ 59). The actual allegation is not even defamatory. As pointed out in Defendants' motion to dismiss, the statement, on its face, merely states that the company has been unable to account for all of its funds. This could be due to an accounting issue or a record-keeping issue. Indeed, the statement on its face provides that it is an accounting issue. The statement does not provide that Mr. Laughlin stole or lost money, as Plaintiffs represent in their response brief. Because the statement can be reasonably construed as having an innocent meaning, it is not defamatory.

    2.    **Plaintiffs' Misrepresent Defendants' Statement Of The Innocent Construction Doctrine.**

With respect to Allegation No. 1, Plaintiffs fall back on their favorite tactic and misrepresent Defendants' statement of the law as to the innocent construction doctrine. (Plaintiffs' Response, p. 8). Based upon this misrepresentation, Plaintiffs accuse Defendants of misstating the law to the Court in their motion to dismiss. (Plaintiffs' Response, p. 8). Specifically, Plaintiffs use selective quotation to claim that Defendants argued that defamatory statements that are "capable" of an innocent construction are non-actionable. (Plaintiffs' Response, p. 8). This is a misrepresentation of Defendants' argument. Defendants correctly stated the rule that any alleged defamatory statement that is "reasonably capable" of an innocent construction is non-actionable. (Defendants' Motion to Dismiss, p. 8 ("If a statement is reasonably capable of a non-defamatory interpretation, the court should so construe it.")). Plaintiffs' accusation is baseless.

Further, the only case that Plaintiffs cite in support of their argument is *Bryson*, in which the court held (not surprisingly) that an assertion that a woman was a "slut" was not reasonably capable of an innocent construction. 672 N.E.2d at 1216-1218. That point has no application in this case. The statements in this case are more similar to those in cases where courts have applied the innocent construction doctrine to find statements non-actionable. *See e.g., Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1302 (Ill. 1996) (statement that employee failed to follow up on assignments not

6

defamatory because reasonably capable of innocent construction); *Taradash v. Adelet/Scott-Fetzer Co.*, 628 N.E.2d 884, 887 (Ill. Ct. App. 1993) (statement that person had been fired for "lack of performance" found to be non-actionable because reasonably capable of innocent construction). The statement in this case—that Bordwok could not account for every penny that Mr. Laughlin spent—is reasonably capable of being construed as an observation that the company needs to do a better job of accounting for its spending. Therefore, the statement is not defamatory.[3]

**Allegation No. 2**

> On February 20, 2008, Lucas sent an e-mail message to Chris Mitchell, Rob Gavin, Luke Wilkins, and Jerry Lucas wherein he implied that Michael had mishandled the company's finances.

This allegation fails to state a claim for defamation for two reasons. First, it does not set forth the precise statement that is alleged to be defamatory. This is not, as Plaintiffs suggest, a mere matter of whether Plaintiffs used quotation marks with respect to the alleged statement. The allegation itself demonstrates that Plaintiffs have failed to set forth the statement that is alleged to be defamatory. Plaintiffs have merely alleged that an implication was made that Mr. Laughlin had mishandled company finances. This implication could have been made through any number of actual statements. Without knowing the statement alleged to be defamatory, there is no way for the

---

[3] Plaintiffs accuse Defendants of attempting to mislead the Court into believing that the alleged defamatory statements were made in the context of a supervisor evaluating an employee. (Plaintiffs' Response, p. 6). This is curious. Defendants relied upon nothing but the allegations in the First Amended Complaint in their characterization of the setting of the statements. Plaintiffs alleged that Mr. Lucas is the President of and General Manager of Bordwok. (First Amended Complaint, ¶ 3). Plaintiffs alleged that Mr. Laughlin performed various tasks for Bordwok. (First Amended Complaint, ¶ 14). Finally, Plaintiffs alleged that Mr. Lucas made various comments regarding Mr. Laughlin's job performance to a small group of people. (First Amended Complaint, ¶ 59). There is nothing misleading in the slightest about Defendants' presentation of the allegations in the First Amended Complaint. Plaintiffs, on the other hand, assert in their response brief that the alleged defamatory comments were made during a conference call with "Bordwok investors and employees" that regarded "the state of the company's financial affairs." (Plaintiffs' Response, p. 6). There is no citation for these "facts" and they cannot be found in the First Amended Complaint. Further, Plaintiffs argue that the allegedly defamatory comments are factually verifiable because the comments were purportedly made in the context of "a business call to inform investors as to the financial status of the company." Again, these "facts" are not alleged in the First Amended Complaint. And again, even if they were, statements made by a company's president regarding someone's job performance are classic examples of non-actionable opinion. *See e.g., Naeemullah v. Citicorp Servs., Inc.*, 78 F. Supp. 2d 783, 793 (N.D. Ill. 1999).

Defendants or the Court to evaluate whether the statement is actionable. *Hoth v. American States Ins. Co.*, 735 F. Supp. 290, 292 (N.D. Ill. 1990).

In their response, Plaintiffs claim that there is no requirement that the precise alleged defamatory statement be set forth. While there has been some disagreement among the courts in this district as to whether a strict verbatim requirement should be applied to defamation claims, it does not matter in this case whether such a requirement is applied or not. The Plaintiffs have failed to even describe the actual defamatory statement, much less provide a verbatim statement. They have merely claimed that an implication was made using certain undisclosed language.

Additionally, some courts have allowed plaintiffs an opportunity to amend their complaints to include the precise statement prior to dismissal of the claim. However, as the court noted in *Hoth*, "[t]his is not to suggest that is unnecessary to plead the exact words used." 735 F. Supp. at 292. Rather, a plaintiff should be given an opportunity to amend prior to dismissal. *Id.* In this case, Plaintiffs have already been given an opportunity to amend and have failed to plead the statement that is alleged to be defamatory. Further, Plaintiffs seem to suggest that they do not even possess the email at issue. (Plaintiffs' Response, p. 4, n. 1). If all Plaintiffs have is an alleged implication based upon an undisclosed statement, the claim should be dismissed with respect to this allegation.

Second, Plaintiff's defamation claim with respect to this statement is subject to dismissal because it is not a factual assertion capable of being proven true or false. The allegation that Mr. Laughlin mishandled finances is highly similar to the statement in *Rose* that the plaintiff caused damage to his company. As in *Rose*, one cannot tell whether it is a matter of profit and loss. Or assets and liabilities. Or net worth. And so on. As in *Hopewell* and *Rose*, an attempt to prove or disprove the statement would involve an endless analysis of each and every fact connected with Mr. Laughlin's duties with the company. As in *Hopewell* and *Rose*, this statement is non- actionable.

**Allegation No. 3**

> On February 7, 2008, Lucas made a telephone call to Jason Blair and Luke Wilkins wherein he falsely claimed that Michael was jeopardizing the company's future by failing to turn over the Damen building.

With respect to this allegation, Plaintiffs again claim that the statement can be objectively verified by a review of Bordwok's books and records. However, no review of books and records can resolve whether acts of Mr. Laughlin were "jeopardizing the company's future." An allegation that someone is "jeopardizing the company's future" is a subjective statement devoid of verifiable facts just like the statement in *Rose* that the plaintiff had wrought damage on the company's finances. There is no qualitative difference in the two statements, and the outcome should be the same—dismissal of the defamation claim.

**Allegation No. 4**

> On repeated occasions, Lucas called Chris Mitchell and falsely told him, among other things, that Michael is incompetent, doing a bad job, is holding up further Bordwok ventures, and is responsible for Bordwok being unable to launch the planned Bordwok Mortgage venture.

Again, Plaintiffs argue that a review of Bordwok's books will provide objective verification. That is simply not the case with respect to the alleged defamatory statements. Whether Mr. Laughlin is incompetent or doing a bad job is a subjective opinion. Whether Mr. Laughlin's incompetence caused problems for Bordwok is likewise a subjective opinion. Plaintiffs also suggest that depositions of people involved in the Bordwok projects could provide objective verification. That is not so. Depositions would only produce various other subjective opinions as to Mr. Laughlin's competence and whether he damaged the company by being incompetent. *Hopewell*, 701 N.E.2d at 104 ("There are numerous reasons why one might conclude that another is incompetent; one person's idea of when one reaches the threshold of incompetence will vary from

the next person's"). The alleged defamatory statements are not actionable because they are subjective opinions incapable of factual verification.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss Count I of the First Amended Complaint with prejudice.

                              **BORDWOK ENTERPRISES, LLC and DANIEL LUCAS**

                              By:   /s/ Martin B. Carroll
                                   One of Their Attorneys

Martin B. Carroll
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
(312) 224-1200

William V. Hearnburg, Jr.
**SMITH, GAMBRELL & RUSSELL, LLP**
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 815-3679