# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1217 | **DATE** | 6/11/2008 |
| **CASE TITLE** | Michael Laughlin, et al. Vs. Bordwok Enterprises, LLC , et al. | | |

**DOCKET ENTRY TEXT**

Neither Plaintiffs' nor Defendants' jurisdictional statements have identified the citizenship for any members of Bordwok and thus the parties have failed to show that this court has subject matter jurisdiction over the claims in the amended complaint or the counter claim. Therefore, we dismiss the instant action. All pending motions are denied as moot. All pending dates are stricken as moot. If the parties believe that they can show that there is diversity subject matter jurisdiction in this case, they may file a motion to reinstate the instant action, with supporting documentation concerning jurisdiction, within ten business days of the entry of this order. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In the instant action, Plaintiffs and Defendant contend that the court has diversity subject matter jurisdiction over Plaintiffs' claims and Defendant Bordwok Enterprises, LLC's ("Bordwok") counterclaim. (A. Compl. Par. 4); (CC. Par. 3). The "'court's first duty in every lawsuit'" is to "'[e]nsur[e] the existence of subject-matter jurisdiction. . . .'" *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(quoting *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)). Plaintiffs allege in the first amended complaint that Bordwok is "a limited liability company organized under the laws of Georgia with its principal place of business located in Alpharetta, Georgia." (A. Compl. Par. 2). Bordwok alleges in its counterclaim that it "is a Georgia Limited Liability Company with a principal place of business in Fulton County, Georgia." (CC. Par. 1).

Although the parties agree that this court has diversity subject matter jurisdiction, the parties have failed, however, to provide allegations showing that this court has subject matter jurisdiction. *See Shapo v. Engle*, 463 F.3d 641, 645 (7th Cir. 2006)(stating that "[p]arties cannot confer federal jurisdiction by agreement"). The Seventh Circuit has stated that "[f]or diversity jurisdiction purposes, the citizenship of an

**STATEMENT**

LLC is the citizenship of each of its members" and that "[c]onsequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).  Neither Plaintiffs' nor Defendants' jurisdictional statements have identified the citizenship for any members of Bordwok and thus the parties have failed to show that this court has subject matter jurisdiction over the claims in the amended complaint or the counter claim.  Therefore, we dismiss the instant action.  All pending motions are denied as moot.  If the parties believe that they can show that there is diversity subject matter jurisdiction in this case, they may file a motion to reinstate the instant action, with supporting documentation concerning jurisdiction, within ten business days of the entry of this order.